[Crim. No. 4798.   First Dist., Div. Three.   July 14, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD ALLEN GRESSMAN, Defendant and Appellant.

Arthur Lyle Robson, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., and Paul N. Halvonik, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found defendant guilty of possession of opium (Health & Saf. Code, § 11500). He was sentenced to prison and appeals from the judgment.

At 3:45 a.m., two police officers in a squad car saw defendant walking along Market Street in San Francisco. They recognized him and called to him. He walked faster, said "I have nothing to say to you", and ran some 50 yards up the street, where he turned into the entrance of an all night pool hall and ran up the stairs to it. Just before he left the street, one officer saw that he was carrying "a small brown packet" in his right hand. One officer followed defendant up the stairs, and found him in the restroom. Defendant started for the door and the officer "grabbed him". During the ensuing struggle, the second officer arrived. Defendant reached inside his coat. The two officers removed his hand from his coat, and handcuffed him. An open knife was in the pocket from which defendant's hand had been removed. Officer Davis took defendant to the police car. Officer Taylor searched the area and found a brown paper packet or bag near the entrance to the restroom. It contained opium, a hypodermic, and several ampules of methedrine. He took the

bag to the police car, showed it to defendant, and asked defendant if it were his. Defendant said he had never seen the bag before. He also said that he was working on a big deal for the narcotics detail, and that the officers were spoiling his whole case for him. A few minutes later, the patrol wagon arrived, and as defendant was transferred to it he said ''Whatever you found in the bag I have got a prescription for.''

At trial, the officers testified to those statements. Since there is no evidence that defendant was advised of his right to counsel and to remain silent, he asserts error in admission of all three of his statements (*People* v. *Dorado*, 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]).

██ The first statement, disclaiming all knowledge of the bag and its contents, cannot conceivably fall within the proscription of *Dorado*. It was wholly exculpatory, and was not used as a basis for offer of any contradictory admission or statement. The prosecution did present a strong circumstantial case that defendant in fact had carried the packet to the pool hall and dropped it there, but this case was in no way dependent upon or strengthened by the first statement of defendant.

██ For the same reasons, defendant's statement that he was working on a ''big case'' for other officers cannot supply a basis for reversal. Although he did state that he was working for the narcotics detail, this does not imply possession of narcotics by him, and the record shows no attempt to suggest to the jury that such inference should be drawn. Here, too, the prosecution refrained from any effort to impeach his statement by evidence that he was not so engaged.

██ The third statement: ''Whatever you find in the bag I have got a prescription for'', does imply that he had possessed the packet. But it was not in response to any question. Rather, it was volunteered by defendant when he was being transferred to the patrol wagon, some minutes after he had answered the question whether the packet was his. ██ *Dorado* bars statements made in response ''to a process of interrogation that lent itself to obtaining incriminating statements'' (*People* v. *Dorado, supra,* at p. 347; see also *People* v. *Stewart,* 62 Cal.2d 571, 578-579 [43 Cal.Rptr. 201, 400 P.2d 97]). A statement which is volunteered, and not elicited by any question, express or implied, does not fall within the rule. ██ The purpose of *Dorado* is the prevention of coercive police tactics (*In re Lopez,* 62 Cal.2d 368, 373 [42

Cal.Rptr. 188, 398 P.2d 380]). It does not rest upon inherent unreliability of a voluntary admission, but upon the view that oppressive practices should be discouraged (*id.*, p. 377).

It may be argued, however, that the single question asked of defendant was continued or renewed because the act of the arresting officers in transferring him to the patrol wagon implied their disbelief of his earlier denial. But even if this be assumed, the first question was not proscribed by *Dorado.* Defendant had been arrested when, in the course of his struggle with the officers, he attempted to pull an open knife from his pocket. The narcotic had not yet been observed or found. Shortly thereafter, it was found under circumstances which left open the identity of its possessor. Thus the officers but gave defendant prompt opportunity to account for the presence of the narcotic near the place of his arrest. There was no interrogation designed to elicit incriminating statements (*United States* v. *Konigsberg,* 336 F.2d 844, 853, cited with approval in *People* v. *Stewart,* 62 Cal.2d 571, 578-579 [43 Cal.Rptr. 201, 400 P.2d 97] ; see also *People* v. *Ghimenti,* 232 Cal.App.2d 76, 84 [42 Cal.Rptr. 504]).

In any event, this statement cannot be deemed prejudicial. [8] Unlike a confession, a mere admission introduced in violation of the *Dorado* rule requires reversal only when it appears that a result more favorable to defendant (Cal. Const., art VI, § 4½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]) would have been reasonably probable if the statement had been excluded (*People* v. *Hillery,* 62 Cal.2d 692, 712-713 [44 Cal.Rptr. 30, 401 P.2d 382]).

This statement admitted only a lawful possession, i.e. under prescription. No evidence contradicted the statement. Defendant remained free to offer evidence that he in fact held a prescription. This defense was for him to establish (*Ureta* v. *Superior Court,* 199 Cal.App.2d 672, 675-676 [18 Cal.Rptr. 873] ; *People* v. *Martinez,* 117 Cal.App.2d 701, 708 [256 P.2d 1028]). He failed to offer any such evidence. No reversible error is shown.

Appellant's claim of insufficiency of the evidence lacks merit. The evidence, although circumstantial, was ample. He also asserts error in the admission of evidence that, at a later date, he possessed narcotics paraphernalia when arrested. He had been released on bail, a bench warrant was later issued, and one of the arresting officers in this case saw him near the place of his previous arrest. Defendant again fled, was pursued and caught. When he was booked, the questioned articles were found near where he had been sit-

ting in the police station before formal booking. The fact that his physical possession of these articles was also proven by circumstantial evidence goes only to the weight of the evidence, and not to its admissibility.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 8, 1965.